**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**April 14, 2005**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-20402

————————————————

KOSSMAN CONTRACTING COMPANY, INC.,

Plaintiff-Appellant,

versus

THE CITY OF HOUSTON, TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:96-CV-3100)
--------------------

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kossman Contracting Company, Inc. ("Kossman") sued Defendant-Appellee City of Houston ("the City") under 42 U.S.C. §§ 1981 and 1983. Kossman alleged that the City's "use of race and gender quotas in public contracting is an unconstitutional use of government power."

Kossman filed its first motion for a temporary restraining order ("TRO") and preliminary injunction in October 1997. In September 1999, Kossman filed a supplement to its first motion for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a TRO and preliminary injunction, subsequently filing three further motions seeking a TRO and preliminary injunction in, respectively, February 2000, July 2000, and October 2000. The district court summarily denied each of these motions.

In June 2002, Kossman filed a "Renewed Motion for Summary Judgment and Preliminary Injunction" ("Renewed Motion"), in which it asked the district court to enjoin the City's "illegal contracting preferences based on race, ethnicity, and sex." The Renewed Motion lists the City's responses to Kossman's requests for admission and federal court cases that have held similar city quotas unconstitutional; however, it fails to mention the legal requirements for a preliminary injunction. Neither does the Renewed Motion contain a legal argument.

In December 2003, Kossman filed a "Fourth Supplement to Motion for Summary Judgment," in which it described the Supreme Court's opinions in <u>Gratz v. Bollinger</u>[1] and <u>Grutter v. Bollinger</u>[2] and asked for "an immediate order striking" the City's quota system.[3] The district court summarily denied Kossman's Renewed Motion and the fourth supplement to its summary judgment motion in a single sentence. It is from this denial that Kossman appeals.

---

[1] 539 U.S. 244 (2003).

[2] 539 U.S. 306 (2003).

[3] Kossman filed its original motion for summary judgment in April 1998. During the next five years, it filed three supplements to its original summary judgment motion.

The first — and last — issue in this appeal is whether we have appellate jurisdiction. The City asserts that we lack appellate jurisdiction because Kossman's appeal is untimely. Specifically, the City argues that, because Kossman's Renewed Motion seeks the same relief on the same facts as its four previous motions, Kossman had to appeal the district court's denial of its first motion for a TRO and preliminary injunction to have been timely. We agree.

Although the denial of a request for a preliminary injunction is immediately appealable under 28 U.S.C. § 1292(a),[4] Rule 4(a) of the Federal Rules of Appellate Procedure requires that "the notice of appeal . . . be filed . . . within 30 days after the judgment or order appealed from is entered."[5] "An appeal from an order denying a successive motion for a preliminary injunction, where the motion is simply the same as the earlier motion, is untimely under Fed. R. App. P. 4(a)(1) unless the notice of appeal was filed within thirty days of the original denial."[6] Kossman's Renewed Motion is clearly a successive motion that presents the same factual and legal bases as its previous motions. Accordingly, because the district court

_____

[4] See 28 U.S.C. § 1292(a)(1); Overton v. City of Austin, 748 F.2d 941, 948-49 (5th Cir. 1984).

[5] FED. R. APP. P. 4(a)(1).

[6] Gill v. Monroe Count Dep't of Soc. Servs., 873 F.2d 647, 648 (2d Cir. 1989); see also Birmingham Fire Fighters Ass'n 117 v. Jefferson County, 290 F.3d 1250, 1254-55 (11th Cir. 2002) (same); F.W. Kerr Chem. Co. v. Crandall Assoc., Inc., 815 F.2d 426, 428-29 (6th Cir. 1987) (same).

denied Kossman's first motion for a TRO and a preliminary injunction on October 21, 1997, Kossman only had until November 21, 1997 to appeal that denial, which it failed to do. The instant appeal is thus untimely, and, absent some applicable exception, we lack appellate jurisdiction.

Kossman points out —— correctly —— that there "is an exception to the general rule against appealing from a successive motion if there are changed circumstances, new evidence, or a change in the law."[7] Kossman argues that this exception applies because it "appealed the denial of its Motion for Summary Judgment and Preliminary Injunction filed <u>after</u> the release on the Supreme Court's decision in <u>Gratz</u> . . . and <u>Grutter</u>," which "clarified the standard for what constitutes a compelling interest sufficient to justify the use of racial classifications by the government . . . ."[8] We conclude that this exception does not apply to the instant situation. As counsel for Kossman admitted at oral argument —— and in its brief —— the Supreme Court's <u>Gratz</u> and <u>Grutter</u> opinions are no more than a clarification of existing law, which was either known to or determinable by Kossman when it filed its first

---

[7] <u>Birmingham Fire Fighters</u>, 290 F.3d at 1254 (citing 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3924.2 (2d ed. 1996)).

[8] Emphasis in original.

4

motion.[9] As such, the Gratz and Grutter opinions do not constitute a change in the law.

Neither do we conclude that the City's responses to Kossman's requests for admission worked a change in the facts or circumstances of the case. Were we to hold that discovery responses effect a change in facts or circumstances, a party could file a successive motion each time it received a discovery response, thereby frustrating "the policy of Rule 4 of the Federal Rules of Appellate Procedure, which requires in the interests of efficiency and finality that a timely appeal be filed."[10] The factual and legal bases on which Kossman grounded its Renewed Motion are indistinguishable from those offered in its first motion. Accordingly, the exception does not apply. Kossman's appeal is untimely, and we lack appellate jurisdiction under 28 U.S.C. § 1292(a).

DISMISSED FOR LACK OF APPELLATE JURISDICTION.

---

[9] See Adarand Constructors, Inc. v Pena, 515 U.S. 200 (1995); City of Richmond v. J.A. Croson Co., 488 U.S. 469 (1989).

[10] Birmingham Fire Fighters, 290 F.3d at 1254.